Gratz *v.* Wilson.

GRATZ *against* WILSON.

A judge of the Supreme Court of the United States, if arrested on a *capias ad respondendum*, in case of which the Federal court has no jurisdiction, shall not be discharged on common bail.

Parol evidence admitted to prove defendant a judge.

This was a rule to shew cause why defendant should not be discharged on filing common bail.

About the 26th of August, 1797, the defendant, one of the justices of the Supreme Court of the United States, was arrested on a common *capias ad respondendum*, out of the Inferior Court of Common Pleas, for the county·of Burlington, and held to bail in $3000.

At the ensuing term of that court, an application was made to discharge the defendant from the arrest on his filing common bail, on the ground, that, being a judge of the federal court, he was privileged from arrest. The court, however, refusing to admit parol proof of his holding the commission of judge, the main question was not decided.

The case being removed to the Supreme Court by a *habeas corpus cum causa*, returnable to November term, 1797, a similar application was there made, which was argued by

*R. Stockton* and *Griffith*, for the rule, and

*M'Ilvaine, A. Ogden*, and *Woodruff*, (attorney-general,) against it.

The counsel for the defendant called witnesses to prove the fact, that he was actually a judge of the Supreme Court of the United States, which being objected to, and the question argued.

*Per Curiam.* The evidence is admissible.

*For the rule.* This is a plain case of privilege, and the high and important station of the defendant, while it adds dignity to the question, shews, in the clearest point of view, the injurious consequences which may result to the community if any plaintiff can thus detain him from the importance of his duties. Every claim of privilege of this description, every case of exemption from arrest, is founded expressly upon motives of public convenience and necessity; it is emphatically the privilege of the community and not of the individual.

The constitution of the United States is the supreme law of the land, and the justices of the federal courts, during their authority and powers from this high office, are invested with the same privileges, and entitled to the same exemptions which the judges of every state court have unquestionably secured to them.

The claim which is now made, is not founded upon any pretensions of personal pre-eminence, but on the provisions of the common law, which protects from imprisonment on *mesne* process, the officers of all courts of law, lest the interest of the public should be injured. This view of the subject ought to remove all invidious or jealous feelings on account of a claim of this nature.

All the officers of the court, whose attendance is required in the administration of justice, are privileged from arrest. *High. on Bail.* 6, 3 *Bl. Com.* 289; 1 *Bac. Abr.* 331; 6 *Com. Dig.* 88; 5 *Bac. Abr.* 613; 1 *Tidd's Prac.* 264. This exemption is to be applied for by motion. 2 *Str.* 990, *Pitt's case,* 1 *Tidd* 265.

*Against the rule.* The ground upon which this privilege has ever been allowed in England, has been truly stated to be the interest of the community. It was therefore never carried further than the public good imperiously required, or than was consistent with the rights of individuals. The interest of the community never required, that an individual

should be deprived of a just debt, and it never therefore demanded that such a sacrifice should be made. In England, this privilege is extended to all the officers of courts, and upon the principle, that the general weal requires their attendance in the courts to which they respectively belong. But the doors of justice are never closed, and every court permits its officers to be prosecuted to justice, in the manner conformable to its own dignity: it is founded on the idea, that the person is answerable some where, and is to be presumed always amenable in the court to which he belongs. *Gilb. H. C. B.* 209. See *Dyer* 287 ; *Turbill's case*, 1 *Saund.* 67, *Ridge* v. *Hardcastle*, 8 *Term. Rep.* 417, *accord*.

The plaintiff and defendant, in this case, are both citizens of the state of Pennsylvania, and the Circuit or Supreme Court of the United States, cannot have jurisdiction of a suit between them. Under the 3d article of the constitution of the United States, (sec. 2) the cases to which the judicial power of the federal government shall extend ; and both under that, and the act of September 24, 1789, (1 *Laws U. S.* 47) this power is limited not to extend to controversies between citizens of the same state.

If then it appears, that the plaintiff could not obtain redress in the court to which the defendant is attached, the foundation upon which the exemption rests is removed, and the claim fails.

2. An officer of a different court, cannot be discharged on motion. The court will not examine the question of privilege, in a cursory or collateral manner, but will require him to file special bail, and to plead his privilege in abatement. *Mayor of Basingstoke* v. *Benner*, 2 *Str.* 864, *Snee* v. *Humphreys*, 1 *Wils.* 306, *Tidd* 172.

But in every case, the defendant, unless an executor, when a cause is removed by *habeas corpus*, is bound to put in special bail, and on the removal of a cause from an inferior court, the court will not examine whether the cause of action

---

---

is such as to require special bail, but will require it even when defendant has been arrested for a sum under £10. *High. on Bail* 107.

*Phips* v. *Jackson*, 6 *Mod.* 305, shews how privilege is to be pleaded.

*In reply.* An attempt has been made to render this application odious, by declamatory remarks, rather than to prove it unfounded in law. So far as respects any personal application to the defendant, it is to be observed, that he is at this time attending his official duties, many hundred miles distant; that this application is altogether unknown to him; that the demand is actually disputed; and that no idea can be entertained that Judge Wilson, means to evade a legal inquiry into the foundation of this suit.

The idea that when a cause is removed by *habeas corpus*, the court will not inquire whether the cause of action warrants the holding to special bail, so far as it is applied to this case, rests upon a misconstruction of a *dictum* of Holt. The case of *Page* v. *Price*, to which Highmore refers, is reported, (1 *Salkeld* 98) and the meaning intended to be conveyed is, that the court will not under such circumstances, look into the merits of the case to ascertain whether it was properly bailable or not; but it does not prove that when the motion is founded upon a circumstance, *dehors* the cause of action; that this fact would not be inquired into. Indeed the exception which is made in favor of an executor, warrants the drawing of this distinction.

In *Lumley* v. *Quarry*, 1. *Salk.* 101; 7 *Mod.* 9, *S. C.* which was a subsequent case, and decided by the same great judge, it was held that the superior court, would examine into the cause of action, even in a case removed by *habeas corpus*, and that if the action was vexatious, or such as required no bail, as an action against an executor, they would discharge upon common bail.

2. The authorities which have been cited, prove no more than that when the object of the application is to quash the

Gratz v. Wilson.

suit altogether, it is necessary to shew, that the court, the officer of which the defendant claims to be, has jurisdiction of the cause. The privilege claimed is not a total exemption from the operation of the laws, it is not a discharge of the debt, but a judge of another and higher court asks of this, that in the administration of justice within its walls, care be taken not to stop the proceedings in other judicial tribunals. For the sake of argument, it is conceded that the Circuit Court of the United States, could not entertain this suit, and that there can be no objection to the jurisdiction of this court; the application is still founded upon the same principles as before. The objection is not to the jurisdiction, but to the manner in which it is exercised.

3. The last objection is so closely connected with the former, that by removing one, the other is shewn to be unfounded. If the defendant was to except to the right of this court to adjudicate upon his case, it would be highly proper that he should plead his privilege ; and indeed, it could not be legally taken advantage of in any other way ; but it would be in the highest degree preposterous to try the question, whether the defendant should be discharged on common bail in any other manner than by motion ? It is the uniform practice to examine questions of this kind on motion, and when privilege is claimed, any other mode would be so encumbered by difficulties and delays as effectually to defeat the salutary provisions of the law by which it was allowed.

In this country, where the federal and state courts move in different orbits, and exercise various powers, it is highly incumbent upon both, to extend these beneficial principles and honorary attentions as far as possible ; and while the interests of individuals are sedulously guarded, to allow to the judges of the United States' courts those privileges which have never been denied to the most humble state tribunals.

*Curia advisare vult.*

KINSEY, C. J., and SMITH, J., who were, alone, present at the argument in November, differing in opinion, and BOUDINOT, J., having been since appointed to a seat on the bench, the motion was argued again at this term by *Griffith* and *R. Stockton*, for the rule, and *Aaron Ogden*, against it, before all the judges.

*For the defendant.* It is admitted that both parties are citizens of the same state, and that the defendant is likewise one of the associate judges of the Supreme Court of the United States; and was about proceeding to the state of Georgia, where he was to hold a Circuit Court, at a period about thirty days subsequent to the time of his arrest.

Under these circumstances it is contended, that he was entitled to be discharged on filing common bail. The rule of the common law is, that an attorney or other officer, whose attendance is required in the court to which he belongs, shall not be holden to special bail. 1 *Bac. Abr.* 331. This privilege arises from a supposition of law, that the business of the court, or their clients would suffer from their being drawn away. 5 *Bac. Abr.* 613; 1 *Tidd's Prac.* 171. In *Redman's case*, 1 *Mod.* 10, *Kelynge* cites *Wolly's case*, where the court discharged defendant on account of his privilege on common bail. It is a privilege of the court to which he belongs, or of the public, and is not allowed that they may attend to their private business. *Poordage's case, Ibid* 22. And whenever the public would suffer inconvenience it is allowed, as where an alderman is elected a constable, as in *Abdy's case, Cro. Car.* 585. It does not extend to discharge from the action, but merely to liberate from arrest. *Wheeler's case*, 1 *Wils.* 298. It is the court of which he is an officer whose privilege is claimed; (*Mayor of Norwich* v. *Berry*, 4 *Burr.* 2109) and therefore he is not permitted to waive it. *Gardner* v. *Jessop*, 2 *Wils.* 42. It extends to all the members of the court, from the Chief

Justice down to the tipstaff. *Gerard's case*, 2 *Bl. Rep.* 1123–5. The case of *Mayor of Norwich* v. *Berry*, shews also, that the court of *B. R.* will protect the officers of *C. B.*

On the former argument it was contended, that this privilege never was allowed when a cause was removed by *habeas corpus.* This idea is not warranted by the case of *Page* v. *Price*, 1 *Salk.* 98, and is expressly negatived by that of *Lumley* v. *Quarry*, 1 *Salk.* 101; 2 *Ld. Ray.* 767; 7 *Mod.* 9.

*For the plaintiff.* A fundamental objection to this claim is derived from the circumstance, that the Circuit Court of the United States, had no jurisdiction of the subject matter in controversy. The suit is between citizens of the same state, and consequently it cannot be entertained by the federal courts.

Every exemption of this kind is hostile to the spirit of our government, and must be construed strictly. Unless the defendant brings himself within the rule, and shews that he is within the privilege, the rights of the plaintiff are not to be violated.

The privilege now claimed, must fall under that class which is said to belong to attorneys and other officers of a court. With regard to this, an important distinction exists, which may be traced throughout all the cases that have been cited. The rule is laid down correctly in 1 *Bac. Abr.* 305, where it is said, attorneys have a privilege not to be sued in any other court, except those in which they are sworn and admitted, because of the prejudice that may accrue to the business of those courts, in which their attendance is required; neither are they to be held to special bail, because they are obliged to attend, and therefore are presumed to be always amenable. In the note which is subjoined, it is said, the attorney shall not have this privilege, unless there be the same remedy in his own court.

The privilege is therefore twofold. 1. To be sued in the court to which he belongs. 2. To be admitted to common bail in the court where he is presumed to be always present. This is the doctrine of Lord Holt, also in *Baker* v. *Swindon*, 3 *Salk.* 283; 1 *Ld. Ray*, 399, who says, "privilege is either of court or of process, as in the Court of Common Pleas, every person who belongs to that court as attorneys, &c., shall have the privilege of being sued, and this is the privilege of the court; but none shall be allowed the privilege of process but those who are officers of the court, and are supposed to be always attending there." In this manner all the cases, however seemingly contradictory, may be reconciled. No one instance has been adduced, where the former privilege was allowed, except where the court to which the defendant belonged had jurisdiction; and no instance in which the latter kind was allowed to an officer of a different court.

KINSEY, C. J. When this question was first argued, I felt myself under some difficulties, which more mature reflection, though it has somewhat lightened them, has not altogether removed. It is the duty of every state court, and no duty could more completely coincide with my inclination, to support the dignity and independence of the federal courts; but it is equally their duty not to throw any impediment in the way of a creditor, by which he may be prevented from enforcing his contract, or obtaining justice.

With regard to the question before us, there can be no doubt, that the officers of the four great courts in England, from the attorney to the chief justice, have a right to be sued in their own courts, where their attendance is necessary, provided a remedy can be there attained. 2 *Bl. Rep.* 1125. There can be no doubt, further, that this privilege is extended so far as to protect them from arrest, and to entitle them to a discharge, if arrested.

I am equally satisfied that this discharge may be claimed in their own court, or in any other out of which the writ is

issued; the only distinction which appears to exist, being, that the court to which the party belongs takes notice of the facts upon which the claim of privilege is founded, but a foreign court requires proof of them to be made.

In *Pitt's case*, which has been cited, it was held, that the privilege might be claimed by motion, without the necessity for pleading it, notwithstanding some precedents to the contrary; and the doctrine is recognized by Lord Kenyon, in *Bartlett* v. *Hebbes*, 5 *Term Rep.* 686, whenever the facts are not controverted. In this state, this has been the practice for more than fifty years, with regard to members of the legislature, judges and attorneys.

After these preliminary observations, I come more immediately to the consideration of the question, whether a judge of the federal courts is entitled to the same privileges and exemptions as are claimed and exercised by the judges of the principal English courts; whether he is to be held to special bail or not?

One very important difference exists between these tribunals and those from the practice of which the cases are drawn. Their jurisdiction is general, in some cases almost unlimited, and they have enjoyed their privileges from time immemorial. The courts of the United States, originated under the federal constitution, are limited in their powers, which are expressly defined by positive law. This distinction appears material, for, in *Lord Anderson's case*, 3 *Leon*, 149, it was said, that these privileges had been *given* to the courts when originally created, and that they had been exercised from that remote period. The word *given* shews that the foundation of this claim is prescription, which presupposes a grant from the king, who possessed, and frequently exercised an authority of this kind.

The ground which has been assumed at the bar is founded upon views of public convenience and expediency: in this I cannot altogether acquiesce: I feel much stronger disposition to coincide in the opinion of Queen Elizabeth, of whom

*Lord Coke* remarks, (1 *Inst.* 131) " that she granted few or no protections, and her reason was, that he was no fit subject to be employed in her service, that was subject to other men's actions, lest she might be thought to delay justice ;" a reason equally forcible when applied to a claim of privilege.

If there are any considerations of a public kind calling for the extension of privileges to cases of this description, they may with propriety be urged to the national legislature, who may so modify and regulate its exercise as to render the federal judges independent of the opinions of state courts.

Privilege is ever a matter *stricti juris,* and ought not, particularly one of so odious a character, to be extended by implication. The convention who framed the constitution evidently had the subject of privilege before them, and have secured, so far as they appear to have thought expedient, the independence of the federal judges. I am of opinion, that we cannot stretch it in a case so doubtful as the present, when the necessary consequence would be, to oust the plaintiff of a plain and unquestionable right. My opinion, therefore, is, that the defendant take nothing by his motion.

SMITH J. I regret much the necessity which compels me to differ from the opinion which has just been delivered, which, as I understand, is likewise the opinion of the majority of my brethren ; but the perfect conviction which I entertain in my own mind, with regard to the propriety of the present application, compels me to express my dissent.

The general rule, that judicial officers are not subject to arrest, either in their own or other courts, is undisputed, and the reason upon which it is founded is equally clear. It is neither derived from an express grant, nor dependent upon any statute, but has its foundation in the common law, the fundamental maxim of which is, to prefer the interest of the community to private convenience ; and as there is no positive statute which deprives the judges of the federal

courts of the benefit of this exemption, I am of opinion, that it remains to them in full force, as recognized in the books of common law, and sanctioned by considerations of public policy.

I conceive exemption from arrest on civil process, to answer, &c., as incidental to the office of judge, and attached to him on his appointment. The office is one which cannot be executed by deputy, and the interests of the community would suffer, and might be sacrified by private wickedness, if they were not thus privileged.

It has been urged, that there is no positive law by which this exemption is extended to the judges of the federal court; nor, I may answer, is there any positive exemption in any case; it is implied in the very appointment as judge, in the delegation of judicial authority, that they are to be clothed with all the powers, and vested with all the privileges, which are attached to the office, and essential to the exercise of its duties. It would scarcely be contended, that an arrest of this kind might be made while the judge was actully presiding in his court, and administering justice from his own bench; and yet it would be difficult to shew, even in that case, any positive prohibition.

The case has been called a new one; I must confess I cannot perceive the propriety of the phrase: the instance is novel, but the principle involved is as ancient as the common law. I think the case clearly within the ancient and acknowledged principle, and, as the application is only for a discharge on common bail, I think the rule ought to be made absolute.

KIRKPATRICK J. In deciding this question, I lay out of view two circumstances which have been urged on the argument, considering them as wholly unconnected with the principle upon which the decision is to be made: *first*, that no affidavit of the existence of a debt was made previous to the arrest; *second*, that Judge Wilson was under appointment to attend the Circuit Court, in the state of Georgia·

Gratz *v.* Wilson.

I also deem it unnecessary to express an opinion upon another question which has been raised, *viz.* whether it is proper and consistent with the rules of practice to examine into the propriety of admitting to bail on a *habeas corpus?* Independent of these collateral questions, I am against the motion on the merits. The case is this: the plaintiff and defendant are both citizens of the state of Pennsylvania; the defendant, at the time of the arrest, was residing in this state, where he had been for some weeks, and was, at the same time, one of the associate judges of the Supreme Court of the United States. It has been contended, that he is entitled to his discharge on account of his privilege as officer: but no statute, no case, nor any constitutional argument of clear and precise application has been laid before the court. With regard to the authorities that have been cited, they are not strictly analogous:—1st. They prove that a court will protect its own officers; that is absolutely necessary, and the law is unquestioned, but it is not the case before us. 2d. They shew that if an officer of one court is sued in another, he may apply to be discharged, but this must be *in toto,* and not on common bail. This, however, it has been shewn, will not be allowed, unless the plaintiff can have a remedy equally efficacious in the court to which the defendant belongs. It has not been contended, that the federal court, of which Judge Wilson is an officer, can entertain this suit between the present parties, they being citizens of the same state. This being the case, and it has been so conceded, I am clear there can be no discharge from the jurisdiction of this court.

As to the cases of peers, members of the legislature, &c., they stand upon a ground altogether different, and it is sufficient to say, this is not a case of that kind. Arguments have been laid before us, drawn from general views of policy, public utility and convenience; but these cannot serve as the foundation of an introduction, by the judiciary, of a new rule. Where but little doubt remains, suggestions

of this kind are proper and weighty, but they will not authorize us to discharge this defendant, unless he has a right to be discharged by law. The same argument would apply in numerous instances, to which the rule was never presumed to extend, and if acted upon, would probably lead us farther than can now be distinctly foreseen. I am therefore of opinion, that the defendant take nothing by his motion.

BOUDINOT, J. I acquiesce in the opinion of a majority of my brethren, to overrule this application, on the ground that the plaintiff cannot have a remedy against Judge Wilson, in the federal court. Were this difficulty removed, however, I should entertain a different opinion, and think the defendant entitled to be discharged.

Rule refused.